# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Darryl G. Bowman,<br><br>               Plaintiff<br><br>   v.<br><br>City of Las Vegas Detention Center,<br><br>              Defendant | Case No. 2:22-cv-00119-JAD-EJY<br><br>**Order Dismissing<br>and Closing Case and Denying as<br>Moot Motion for Preliminary<br>Injunction**<br><br>ECF No. 2 |

Plaintiff Darryl G. Bowman brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while detained at the City of Las Vegas Detention Center. On January 27, 2022, this court ordered the plaintiff to file a complaint and either pay the $402 filing fee or file a complete application to proceed in forma pauperis by March 25, 2022.[1] When it appeared that the court had the wrong address for Bowman, the court amended its order and gave him until March 28, 2022, to comply.[2] That deadline expired, and Bowman did not file a complaint and either pay the fee or file a complete application to proceed *in forma pauperis*.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[4] In

---

[1] ECF No. 4.

[2] ECF No. 8.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d

determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore

---

1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

possible and meaningful alternatives."[8]  Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a proper pleading and plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline.  But issuing a third order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on plaintiff's failure to file a complaint and either pay the filing fee or seek to proceed in forma pauperis in compliance with the court's order.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Darryl Bowman wishes to pursue his claims, he must file a complaint in a _new_ case, and he must file a complaint and either pay the fee for that action or file a complete application to proceed in forma pauperis.

IT IS FURTHER ORDERED that Bowman's motion for a preliminary injunction (ECF No. 2) is DENIED as moot.

Dated: April 14, 2022

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] _Henderson_, 779 F.2d at 1424.

3